# IN THE COURT OF APPEALS OF IOWA

No. 21-0055
Filed November 3, 2021

IN RE THE MARRIAGE OF STEVEN RAY SCHMITZ
AND PAULA RAE SCHMITZ

Upon the Petition of
**STEVEN RAY SCHMITZ,**
      Petitioner-Appellant,

**And Concerning**
**PAULA RAE SCHMITZ,**
      Respondent-Appellee

_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

Steven Schmitz appeals the property distribution in the decree dissolving his marriage to Paula Schmitz. **AFFIRMED.**

Paul W. Demro of Correll, Sheerer, Benson, Engels, Galles & Demro, P.L.C., Cedar Falls, for appellant.

Rick R. Lubben, La Porte City, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Steven and Paula Schmitz married in 2010. The couple entered into a contract to purchase an acreage. When the couple divorced in late 2020, the district court found "the principal balance owed on" the acreage would be "$243,545.90" at the beginning of 2021, and the couple would have "made payments of principal plus interest totaling $117,575." The court granted Steven ownership and possessory rights to the acreage but ordered him to pay Paula $40,000 "to accomplish an equitable division of the parties' rights and interest in the contract." The court reasoned:

> [Paula] contributed wages toward the installment payments required by the contract. She made homemaking contributions to care for and maintain the property as required by the contract. In setting the amount at $40,000 rather than an amount closer to one-half of the total principal and interest payments that the parties will have made by the end of this year under the contract, the court has also considered that [Steven] is assuming some risk that he may not be able to perform the contract for health or other reasons, [Steven's] past contributions to performing the contractual obligations, and the efforts that [Steven] will be required to make to continue performing the contractual obligations after this decree is entered.

The court also considered the property payment in tandem with Paula's spousal support request and denied that request in part because "[t]he payments that she [would] receive pursuant to the marital property division [would] be sufficient for her maintenance as she continue[d] to work toward becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage." The court further noted that "[s]pousal support payments in addition to the payments required by the property division would place an unreasonable financial burden upon [Steven,] given his income and his other obligations under the decree."

On appeal, Steven takes issue with the amount of the payment. He argues: "[I]f we assume there is equity in the property as the result of the joint efforts of the parties, the joint equity is only approximately $25,394.12. Each party's share is $12,697.06. There is no basis for the [c]ourt's award to Paula of over three times that amount."

We are unpersuaded. The district court considered pertinent statutory factors, including Paula's contributions to the marriage, Steven's health, and Paula's spousal support request. *See* Iowa Code § 598.21(5)(c), (d), (h) (2019). Even if the district court had used a fair-market-value analysis, resulting in joint equity of $25,394,12, Steven's proposed figure overlooks the ten-year length of the marriage and the significant disparity in the parties' earnings. Significantly, the court declined to award Paula half the value of the couple's payments on the contract, settling instead for about thirty-four percent of those payments. Even under Steven's proposed calculation using fair market value, given the significant disparity in income, Paula's contributions to the marriage, and Paula's need for support, we do not find the property settlement to be inequitable. On our de novo review, we conclude the record fully supports the court's findings in support of the $40,000 award.

**AFFIRMED.**